**FILED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

March 18, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ CM

DEPUTY

| | |
|---|---|
| Kevin Mikey Discua-Solano, | § |
| | § |
| Petitioner-Plaintiff, | § |
| v. | § 5:26-CV-01408-MA |
| | § |
| Pamela Jo Bondi, et al., | § |
| | § |
| Respondents-Defendants. | § |
| | § |

**OPINION AND ORDER**

The Court now considers Petitioner Kevin Mikey Discua-Solano's ("Petitioner") "Petition for Writ of Habeas Corpus."[1] Petitioner, who is currently in immigration detention, alleges that Respondents are holding him in unlawful custody cognizable in habeas corpus under 28 U.S.C. § 2241 and seeks immediate release.[2] Upon reviewing the petition, response, reply, and applicable law, the Court **DENIES** the Petition.

## I.    FACTUAL BACKGROUND

Petitioner is a citizen and national of Honduras who entered the United States without being inspected or admitted in 2015.[3] He was taken into custody by Immigration and Customs Enforcement ("ICE") on or about November 22, 2025 without warning, cause, or warrant when his lack of immigration status was discovered during a routine traffic stop.[4] Petitioner was issued

---

[1] Dkt. No. 1.
[2] Dkt. No. 1, at 1.
[3] Dkt. No. 1, at 1–3.
[4] Dkt. No. 1, at 4.

a Notice to Appear on November 23, 2025, and has since remained in detention without a bond hearing or opportunity for release.[5]

Petitioner asserts that he is being detained unlawfully under *Yajure-Hurtado*, which reinterprets § 1225(b)(2)(A) to apply to virtually all inadmissible noncitizens who entered the country without inspection.[6] Petitioner asserts that this current detainment: (1) violates his procedural due process rights; (2) violates the terms of the Immigration and Nationality Act (8 U.S.C. §§ 1225–26); and (3) violates the Administrative Procedure Act.[7] Accordingly, he requests that the Court order his release.[8]

Respondents argue that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), which they argue requires them to detain Petitioner without opportunity for release on bond until his removal proceedings are concluded.[9]

## II.    JURISDICTION AND LEGAL STANDARD

A writ of habeas corpus is used to challenge an arrest, commitment, detention, extradition, bail, or the jurisdiction of a criminal sentence.[10] Under 28 U.S.C. § 2241, district courts may hear habeas corpus challenges to the legality of the detention of noncitizens.[11] The petitioner bears the burden of proving, by a preponderance of the evidence, that he is being held contrary to the law.[12]

---

[5] Dkt. Nos. 1, at 4–5; 1-2, at 1. In his Petition, Petitioner alleges that his "removal case was terminated and he has been detained for no reason." Dkt. No. 1, at 5. This is inaccurate. As Respondents note in their Response, Petitioner is currently in full removal proceedings in immigration court. Dkt. No. 5, at 4.

[6] Dkt. No. 1, at 5–9; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025); 8 U.S.C. § 1225(b)(2)(A).

[7] Dkt. No. 1, at 10–18.

[8] Dkt. No. 1, at 18–19.

[9] Dkt. No. 5, at 4–11.

[10] *See Habeas Corpus*, BLACK'S LAW DICTIONARY (11th ed. 2019); 28 U.S.C. § 2241.

[11] *Rasul v. Bush*, 542 U.S. 466, 473 (2004); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("The writ . . . provide[s] a means of contesting the lawfulness of restraint and securing release.").

[12] *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)).

Petitioner is detained in the South Texas Detention Center in Pearsall, Texas, within the Western District of Texas.[13]

### III.    ANALYSIS

The parties dispute whether Respondents have statutory authority to detain Petitioner and whether his detention violates the Due Process Clause of the Fifth Amendment. The Court finds, based upon the current state of the law in this Circuit, that Petitioner's detention is lawful.

As Respondents correctly note, the Fifth Circuit recently interpreted 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens in removal proceedings who are present in the United States but not "clearly and beyond a doubt entitled to be admitted."[14] Petitioner is a noncitizen with ongoing removal proceedings who is present in the United States. Accordingly, the current state of the law in this Circuit mandates that Petitioner be detained without bond until his removal proceedings are concluded.[15]

Petitioner also contends that he has been detained in violation of his procedural due process rights, in violation of the Administrative Procedures Act (APA). While these issues were not specifically addressed by the Fifth Circuit in *Buenrostro*, these arguments also fail.

Due process basically requires notice and an opportunity to be heard.[16] Although numerous courts, including this one, have found that a noncitizen on humanitarian parole must be provided with notice and an individualized determination before they can be arrested and re-detained,[17] no such protections exist for a noncitizen generally present in the United States without legal status.

---

[13] Dkt. No. 1, at 2.

[14] Dkt. No. 8, at 1 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 507 (5th Cir. 2026)).

[15] *Buenrostro-Mendez*, 166 F.4th at 498, 506–08; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 222–24 (BIA 2025).

[16] *See Freeman v. City of Dallas*, 186 F.3d 601, 606 (5th Cir. 1999) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313–15 (1950); *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

[17] *See, e.g.*, *Padilla Hernandez v. Raycraft et al.*, No. 1:25-CV-1719, 2025 WL 3730936 at *5 (W.D. Mich. Dec. 26, 2025) (collecting cases).

Detention during the pendency of a noncitizen's removal proceedings is "a constitutionally permissible part" of the removal process.[18] Because Petitioner has received all procedural safeguards afforded him under the Constitution, the Court finds that Petitioner's detention does not constitute a violation of his procedural due process rights.

Petitioner's claims of APA violations fail as they are in substance, challenges to the *Buenrostro* decision. This Court is not free to circumvent Fifth Circuit precedent simply by renaming the road to the same outcome.[19]

### IV.    Attorney's Fees

Petitioner requests attorney's fees under the Equal Access to Justice Act ("EAJA").[20] Because fees under the EAJA are not available in habeas corpus proceedings like this one, the Court **DENIES** this request.[21]

### CONCLUSION AND HOLDING

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**. The temporary stay of removal or transfer of Petitioner Kevin Mikey Discua-Solano (221-359-888) is hereby **LIFTED**. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.
DONE this 18th day of March, 2026, in San Antonio, Texas.

_____
MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE

---

[18] *Demore v. Kim*, 538 U.S. 510, 526, 530 (2003); *see also Buenrostro-Mendez*, 166 F.4th at 507–08.
[19] *See* 5 U.S.C. § 704 ("Agency action made reviewable by status and final agency action for which there *is no other adequate remedy* in a court are subject to judicial review.").
[20] 28 U.S.C. § 2412(d)(1)(A).
[21] *Barco v. Witte*, 65 F.4th 782 (5th Cir. 2023).